UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20753-CR-UNGARO/O'SULLIVAN

UNITED STATES OF AMERICA ,

    Plaintiff,

v.

CURTIS LISA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the defendant's Motion for Early Termination of Probation (DE# 27, 4/11/07). This matter was referred to the undersigned by the Honorable Ursula Ungaro, United States District Court Judge for the Southern District of Florida, to take all necessary and proper action as required by law, including but not limited to an evidentiary hearing (DE# 28, 4/16/07).  Having reviewed the applicable filings and law, and having held a hearing in this matter on May 17, 2007, the undersigned respectfully recommends that the defendant's Motion for Early Termination of Probation (DE# 27, 4/11/07) be **DENIED**.

## BACKGROUND

On November 9, 2004, the defendant pled guilty to possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841 (a)(1). See Judgment (DE# 18, 2/22/05). On February 11, 2005, the defendant was sentenced to time served and five (5) years supervised release with a special condition that the defendant participate in a community corrections center for a period not to exceed six

months followed by a six-month period of home detention with electronic monitoring. The defendant's sentencing guideline range was a term of 37 to 46 months incarceration. See Government's Response to Defendant's Motion for Early Termination of Probation (DE# 30, 4/20/07).

On May 11, 2005, the defendant entered a community corrections center and was released on December 5, 2005. See Government's Response to Defendant's Motion for Early Termination of Probation (DE# 30, 4/20/07). The defendant then commenced his home confinement and was released from home confinement on July 3, 2006. The defendant has served approximately two years and three months of his supervised release term. On August 11, 2007, the defendant will have served one half of his supervised release term. The defendant has not violated the conditions of his supervised release and according to probation has been a model defendant.

### RECOMMENDATION

The undersigned recommends that the defendant's Motion for Early Termination of Probation (DE# 27, 4/11/07) be DENIED. The defendant's compliance with his supervised release conditions have been exemplary; however, the defendant has served less than one half of his supervised release term and his oringial sentence was exceptionally lenient. The undersigned believes that the defendant should remain under supervised release, however, due to the defendant's exceptional conduct, he should be subject to less strict supervision by probation. Accordingly, the undersigned further recommends that, if the defendant continues to comply with the conditions of his supervised release, commencing on August 11, 2007:

(1) the defendant be placed on a compliance caseload by probation requiring

the defendant to report to a voice recognition system; and

(2) that the defendant be permitted to travel both domestically and internationally and be required to provide telephonic notification to probation prior to commencement of travel and upon return from travel.[1]

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Ursula Ungaro, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **17th** day of May, 2007.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

United States District Judge Ungaro
All counsel of record

---

[1] The defendant is a massage therapist and instructor at the Delano Hotel in Miami Beach, Florida and will be required by his employer to travel both inside and outside the United States to other hotels to provide massage instruction and learn additional massage techniques. Additionally, the defendant's mother is in poor health which may require the defendant to travel to California.